# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

THOMAS W. BOYDE, IV,

        Plaintiff(s),

v.

JANET OSBORNE, et al.,

        Defendant(s).

**ORDER**

10-CV-6651

## Procedural History

Currently pending before the Court is plaintiff's motion for reconsideration. (Docket # 33). With the instant motion, plaintiff requests that the Court reconsider its Decision and Order dated September 30, 2013, which granted defendants' motion for summary judgment and directed the Clerk of the Court to close the case. See Decision and Order dated September 30, 2013 (Docket # 31). Defendants oppose plaintiff's motion for reconsideration.

Plaintiff Boyde brought this 42 U.S.C. § 1983 action for alleged violations of his constitutional rights. Specifically, in his Complaint, plaintiff asserts that the defendants denied him adequate medical care in violation of his Eighth Amendment rights. See Complaint (Docket # 1).

In moving for reconsideration, plaintiff argues that the Court should reconsider its September 30th Decision because the Court (i) erroneously concluded "that plaintiff's claim against Nurse Randall was nothing more than a disagreement over the type of treatment prescribed," (ii) "overlook[ed] clear disputes of material facts

with respect to Nurse Randall's culpability," and (iii) "misinterpreted the law with respect to the claims against the remaining defendants." See Plaintiff's Memorandum of Law annexed to Docket # 33.

On December 16, 2013, a hearing was held and arguments were heard from the parties' attorneys. For the reasons set forth on the record during the December 16th hearing, as well as the reasons set forth below, plaintiff's motion for reconsideration (Docket # 33) is **denied**.

## Discussion

Generally, motions for reconsideration will "be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." Griffin Indus., Inc. v. Petrojam, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999).

After careful review of the plaintiff's moving papers and the defendants' response, as well as consideration of the arguments made during the December 16th hearing, I decline to grant the plaintiff's motion. While I appreciate plaintiff's disagreement with my Decision on the issues raised in defendants' motion for

summary judgment, none of the arguments made in support of the instant motion convince me that my September 30, 2013 Decision and Order (Docket # 31) "contains clear errors of fact and law that require modification." See Plaintiff's Memorandum of Law annexed to Docket # 33 at p. 2.

I find that the arguments and issues now raised by plaintiff in this motion were made and considered by the Court in deciding defendants' motion for summary judgment. My Decision either expressly or by logical extension rejected the legal and factual arguments now renewed by plaintiff. Even with the benefit of reflection and review of the moving papers now submitted, I have not changed my mind and hence see no basis to alter or reconsider my previous findings of fact and conclusions of law, particularly in light of the standard under which the merits of the instant motion must be evaluated. See Griffin Indus., Inc., 72 F. Supp. 2d at 368 (noting that such a motion should only be granted where the movant has demonstrated "the need to correct a clear error or prevent manifest injustice")(citation omitted).

### Conclusion

The plaintiff's motion for reconsideration (Docket # 33) is **denied**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: December 16, 2013
Rochester, New York